MATILDA F. CARY, administratrix, *vs.* JULIUS LESZYNSKY.

Suffolk. March 18, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Performance and breach, Rescission.

One who has paid a sum of money under a contract in writing by which another agreed upon such payment to transfer to him a certain number of "pooling shares" in a certain company, upon showing a failure to transfer the shares after the expiration of the pooling agreement may recover back the money that he paid, and it is no defence to such an action that when the promise was made the plaintiff was connected with the pool as a member and trustee and was an officer of the company and there had been an overissue of stock.

CONTRACT, by the administratrix of the estate of William H. Cary, for $841.50 paid by the plaintiff's intestate under a contract in writing by which the defendant agreed upon such payment to transfer certain shares of mining stock to the plaintiff's intestate, alleging a failure of the defendant to deliver the shares as a total failure of the consideration for which the money was paid. Writ in the Municipal Court of the City of Boston dated December 18, 1901.

On appeal to the Superior Court the case was tried before *Mason,* C. J., without a jury.

The contract was as follows: " Dec. 17, 1898. In consideration of $841.50 each received from Messrs. Cary & Hare, making $1,683 in all, I hereby agree to transfer to each of them eight thousand five hundred shares of pooling shares in the Montana & Arizona Consolidated Copper Mining Company, making 17,000 in the holdings in the above company which I have acquired from J. W. Winwood. Julius Leszynsky."

The plaintiff's intestate was the Cary referred to in the foregoing contract. The defendant testified among other matters that at the time of the execution of the agreement Cary was vice-president and a director of the company, and was one of the trustees and one of the parties to the pooling agreement referred to in the contract. There was evidence that there had been an overissue of the stock of the company. Cary died December 9, 1899.

The plaintiff contended that the defendant had never transferred the shares of stock to Cary. and that she was entitled to recover back the $841.50 paid for such transfer.

The defendant asked the judge to rule, as a matter of law, that upon all the evidence the plaintiff was not entitled to maintain her action and that the defendant was entitled to a verdict. The judge refused so to rule, and found for the plaintiff in the sum of $891.15. The defendant alleged exceptions.

*J. R. Murphy*, for the defendant.

*B. N. Johnson, R. P. Clapp & W. O. Underwood*, for the plaintiff.

BARKER, J. The bill of exceptions brings here a question as to the admissibility of evidence, and also the contention that upon all the evidence the plaintiff was not entitled to maintain the action.

1. The exception to the admission of evidence has not been alluded to in the defendant's brief, and has no merit. It was to allowing a clerk in charge of the transfer department of the trust company which had charge of the transfer books of the mining company concerning the stock of which the action was brought to testify to matters within his personal knowledge and relevant to the issue upon trial.

2. Assuming that the written agreement of December 17, 1898, because of the characterization in it of the stock which by it the defendant agreed to transfer as "pooling shares" impliedly contemplated a transfer only after the termination of the pooling agreement, the evidence justified a finding that the pool terminated by its own limitation on July 1, 1899, more than six months before the death of the plaintiff's intestate.

The evidence upon the question of the acts of the defendant looking toward a transfer of the shares in accordance with his agreement was conflicting. He testified to writing an order for the transfer and that the plaintiff's intestate delivered this order to the secretary and that the shares thereupon were transferred. But there was other testimony that the defendant did not give such an order, that no such order was presented to the secretary, that no part of the shares was issued to the plaintiff's intestate, and that the defendant protested against their issue. The acknowledgment in the written agreement of

the receipt by the defendant of the price of $841.50, and the testimony both of the defendant and of another witness justified a finding that the whole sum sought to be recovered was the consideration which had in effect been paid to the defendant upon the making of the agreement, and as moving from the plaintiff's intestate. The evidence justified a finding that the defendant neglected to perform his agreement to transfer the shares. Neither the fact that the plaintiff's intestate was connected with the pool as member and trustee, or that he was an officer of the company, or that there had been an overissue of its stock, constitutes a defence to the present action.

*Exceptions overruled.*